**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| HASSAN ABDI MUMIN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 25-3024 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| SUSAN M. BURNS, Chargé d'Affaires, | | | |
| U.S. Embassy, Kenya, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING DEFENDANTS' MOTION TO DISMISS**

## I.  INTRODUCTION

Plaintiff Hassan Abdi Mumin brought this action seeking to compel Defendants Susan M. Burns and Marco Rubio, working in their official capacities at the United States Department of State, to adjudicate Mr. Mumin's visa application.  Defendants moved to dismiss the complaint. For the reasons discussed below, the Court grants the motion to dismiss.

## II.  BACKGROUND

The Immigration and Nationality Act ("INA") created a regime for certain noncitizens, including spouses of U.S. citizens, to apply for visas to enter the United States.  *See* 8 U.S.C. §§ 1151(b)(2)(A)(i), 1154(a)(1)(A); *see also* 8 C.F.R. § 204.1(a)(1), (b).  The consular officer "*must* issue or refuse the visa" once a visa applicant properly completes or executes the application by bringing the required paperwork to an in-person interview with a consular officer. *Amjad v. Schofer*, No. 1:24-cv-1773 (CJN), 2024 WL 4416984, at *1 (D.D.C. Oct. 4, 2024) (quoting *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *1 (D.C. Cir. July 24, 2024)

(per curiam) (unpublished); *see also* 9 Foreign Affairs Manual ("FAM") § 504.1-3(a), (g); 22 C.F.R. § 42.81(a).

INA § 221(g), codified in 8 U.S.C. 1201(g), establishes standards for refusing a visa application, requiring an officer to deny a visa application if the officer "knows or has reason to believe" the noncitizen is "ineligible to receive a visa" under "any . . . provision of law" based on "statements in the application, or in the papers submitted therewith." 8 U.S.C. § 1201(g); *see also* 22 C.F.R. § 41.121(b). Upon refusal, a consular officer may place a visa application in "administrative processing," which permits officers to later "re-open and re-adjudicate" an applicant's closed case and request additional information from the applicant in case their circumstances change such that they are eligible for the visa. *Karimova*, 2024 WL 3517852, at *2 (citing 9 FAM § 306.2-2(A)(a)). Mr. Mumin's visa application followed this process.

Mr. Mumin alleges the following facts. Mr. Mumin is a Somali citizen who lives in Kenya. Pet. For Writ of Mandamus & Compl. for Injunctive Relief ("Compl.") ¶ 14, ECF No. 1. He is married to a U.S. citizen. *Id.* ¶ 20. His wife filed a visa petition with the United States Citizenship and Immigration Services on his behalf in February 2019, and he had a consular interview in Kenya in May 2024. *Id.* ¶¶ 20, 23. The consular official refused Mr. Mumin's application under INA § 221(g) and then placed it in administrative processing. *Id.* ¶¶ 24–25; *see also id.* Ex. 2 at 6.

Mr. Mumin filed this lawsuit to compel action on his visa application. *Id.* ¶ 1. In his view, the final adjudication of his visa application has been unreasonably delayed as it is currently held in administrative processing, which warrants relief under the Administrative Procedure Act ("APA") and Mandamus Act. His two-count complaint alleges that (1) the

government's delay violates the APA, 5 U.S.C. § 706(1); and (2) he is entitled to relief under the Mandamus Act, 28 U.S.C. § 1361. *Id.* ¶¶ 28–39.

The government has moved to dismiss the complaint under Fed. R. of Civ. P. 12(b)(1) and (b)(6). Defs.' Mot. to Dismiss and Mem. in Supp. Thereof ("Defs.' Mot.") at 8, ECF No. 5.

### III. LEGAL STANDARD

#### A. Rule 12(b)(1)

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, the plaintiff "bears the burden of establishing jurisdiction." *Didban v. Pompeo*, 435 F. Supp. 3d 168, 172–73 (D.D.C. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)); Fed. R. Civ. P. 12(b)(1). Courts are to "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally.'" *Am. Nat'l Ins. v. F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

#### B. Rule 12(b)(6)

A complaint may also be dismissed for failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The alleged factual statements are presumed to be true and construed in the light most favorable to the plaintiff. *See Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Babaei v. U.S. Dep't of State*, 725 F. Supp. 3d 20, 25 (D.D.C. 2024) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### IV.  ANALYSIS

Defendants make three arguments in their motion to dismiss.  First, they argue Mr. Mumin has not identified a clear, non-discretionary duty that a government official is required to fulfill.  Defs.' Mot. at 11–15.  Second, Defendants contend that judicial review of the claim is barred by the consular non-reviewability doctrine.  *Id.* at 16–19.  Third, they argue that even if Mr. Mumin identified a clear, non-discretionary duty, the government would still win on the merits.  *Id.* at 19–25.  The Court addresses only the former, which is dispositive in this case.

Under APA § 706, a reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed" as defined by § 555(b).  5 U.S.C. § 706.  The ancillary provision states that agencies shall conclude a matter presented to it "within a reasonable time." 5 U.S.C. § 555(b).  Courts will not review the merits of the unreasonable-delay claim, however, unless the plaintiff establishes that the defendant failed to perform a legally required, discrete agency action.  *See Yaghoubnezhad v. Stufft*, 734 F. Supp. 3d 87, 99 (D.D.C. 2024); *Norton v. S. Utah Wilderness All. (SUWA)*, 542 U.S. 55, 63–64 (2004). Similarly, to obtain a writ of mandamus, the plaintiff must show that the government has violated "a crystal-clear legal duty" and that the plaintiff has no other way to obtain relief.  *In re Ctr. for Biological Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022) (quoting *In re Nat'l Nurses United*, 47 F.4th 746, 752 (D.C. Cir. 2022)).  Because the "standard for undue delay under the Mandamus Act . . . is identical to the APA standard," courts often analyze the two claims together.  *Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020); *In re Core Commc'ns*, 531 F.3d 849, 855 (D.C. Cir. 2008) ("The central question in evaluating 'a claim of unreasonable delay' is 'whether the agency's delay is so egregious as to warrant mandamus.'" (quoting *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984))).

To articulate a claim of unreasonable delay, a plaintiff must show a clear, non-discretionary duty. *SUWA*, 542 U.S. at 63–64 (2004). Defendants argue that Mr. Mumin failed to state a claim because he did not "identify a clear, non-discretionary duty requiring a consular officer to take any action on the Visa Application now that it has been refused under INA § 221(g)." *See* Defs.' Mot. at 11.

In support of their argument, Defendants rely on a recent unpublished D.C. Circuit decision, *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *1 (D.C. Cir. July 24, 2024) (per curiam). In that case, like this one, the plaintiff asked the court to "order the consular officer who oversaw her visa application to adjudicate it conclusively." *Karimova*, 2024 WL 3517852, at *1. The officer had "officially 'refused' her application" before "plac[ing] her application in 'administrative processing in order to verify qualifications for [her requested] visa.'" *Id.* at *2 (second alteration in original). The D.C. Circuit held that § 555(b) did not create a clear, non-discretionary duty to resolve the administrative processing of her visa after it had officially refused her application. *See id.* at *3–4. The court explained that § 555(b) is a "non-specific directive to all agencies" which did not create "a 'crystal-clear duty to act.'" *Id.* at *3 (quoting *In re Ctr. for Biological Diversity*, 53 F.4th at 670). Moreover, even if § 555(b) did create a duty to act, it "*at most* could have entitled her to the official refusal decision she already received," citing both 22 C.F.R. § 42.81; and INA § 221(g). *Id.* at *4. Accordingly, the court reasoned that "Section 555(b) does not in any way dictate how the agency can handle her rejected paperwork after a decision has been made." *Id.*

Such is the case here. Like the plaintiff in *Karimova*, Mr. Mumin's visa application was refused by a consular officer under INA § 221(g) and placed in administrative processing. *Id.* at *2. Once a consular official refused Mr. Mumin's visa application, they had no further duty to

act, notwithstanding whether the official chose, "after making that decision, to hold onto the application in case circumstances later change in the applicant's favor, thereby saving the applicant the time and cost of filing a whole new visa application." *Id.* at *4. So Mr. Mumin finds no remedy under APA § 555(b).

Mr. Mumin offers two counterarguments. First, he contends that because *Karimova* is unpublished, it does not bind this Court. Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss at 10 ("Pl.'s Opp'n"), ECF No. 7. That question has divided courts in this District. Some have viewed it as binding, some have viewed it as potentially nonbinding but persuasive, and some have viewed it as neither binding nor persuasive. *Contrast, e.g.*, *Ibrahim v. Spera*, No. CV 23-3563 (ABJ), 2024 WL 4103702, at *3 (D.D.C. Sep. 6, 2024) ("This Court is bound to follow [*Karimova*]."), *and Esmaeilzadeh v. Rubio*, No. 25-cv-76, 2025 WL 1865159, at *5 ("Setting aside whether *Karimova* is binding on this Court because it is unpublished, the Court finds—as other judges have—its reasoning persuasive and adopts it for purposes of this decision." (footnote omitted)), *with Alsaraj v. U.S. Dep't of State*, No. 24-3399, 2025 WL 2732704, at *4 (D.D.C. Sep. 25, 2025) ("Having considered *Karimova*, the court is not inclined to follow it.").

As this Court has explained before, however, it finds *Karimova*'s reasoning persuasive. *Al-Kawaz v. U.S. Dep't of State*, No. 24-1792 (RC), 2025 WL 1768103, at *2 (D.D.C. June 26, 2025). As a matter of law, 5 U.S.C. § 555(b) does not create a crystal-clear duty to act because it does not "plainly define" what consular officials must do. *Knable v. Wilson*, 570 F.2d 957, 960 (D.C. Cir. 1977). Section 555(b) merely requires agencies to "proceed to conclude a matter" within a "reasonable time," 5 U.S.C. § 555(b); it does not resolve the question as to whether post-refusal administrative processing is a final agency action. As the *Karimova* panel

explained, "*at most*" the legal authorities "could have entitled [the plaintiff] to the official refusal decision [they] already received."  2024 WL 3517852, at *4.

Second, Mr. Mumin argues that *Karimova* is distinguishable because it dealt with only a § 555(b) claim and did not address Plaintiff's fallback arguments here: that INA, 8 U.S.C. § 1202(b), and federal regulations provide an alternative source for Defendants' clear, non-discretionary duty to act.  *See* Pl.'s Opp'n at 17, 21–22.  Starting with the statutory argument, Mr. Mumin argues that Defendants have a "mandatory duty to review and adjudicate visa applications" under § 1202(b).  *Id.* at 17.  The duty, Mr. Mumin contends, is not satisfied by refusing the visa application and placing it in administrative processing because refusal is not final action.  *Id.* at 19.[1]  Some courts in this District have embraced that argument.  *See, e.g.*, *Aramnahad v. Rubio*, No. 24-cv-1817-MAU, 2025 WL 973483, at *8 (D.D.C. Mar. 31, 2025); *Mahmoodi v. Altman-Winans*, No. 24-2010 (BAH), 2025 WL 763754, at *4 (D.D.C. Mar. 11, 2025).

---

[1] While Mr. Mumin relies on cases from this District that argue administrative processing constitute final action, some of these cases also differ factually from his case.  *Id.* at 17, 23.  For example, Mr. Mumin cites *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Service to the United States v. Kerry*, where the plaintiffs' visa applications under administrative processing had not been "finally refused."  168 F. Supp. 3d 268, 289 (D.D.C. 2016); *see* Pl.'s Opp'n at 9-10.  However, the plaintiffs in that case had to undergo administrative processing as a "mandatory step in the SIV application process," making this step "not an opportunity for reconsideration of a decision," but rather a "pre-requisite to reaching the decision itself."  *Nine Iraqi Allies*, 168 F. Supp. 3d at 284.  Similarly, Mr. Mumin cites *Alsaraj*, where the court did not view administrative processing as a final decision.  *See* Pl.'s Opp'n at 24; *Alsaraj*, 2025 WL 2732704, at *5.  However, in that case, the consular officials requested additional documentation from the plaintiffs to supplement their application, which insinuated an ongoing review process. *Alsaraj*, 2025 WL 2732704, at *5; *see also Vulupala v. Barr*, 438 F. Supp. 3d 93, 99 (D.D.C. 2020) (explaining how plaintiffs were asked to supply additional information post-refusal).  Here, by contrast, administrative processing is not a mandatory step in receiving an I-130 visa, and the agency has not requested additional documentation from Mr. Mumin that would imply the agency is actively processing his application.

This Court, however, concludes that the logic of *Karimova* encompasses Mr. Mumin's § 1202(b) argument as well. *Karimova* explained that, even assuming § 555(b) created a duty to act, federal law entitles a visa applicant to no more than an official refusal decision, which Mr. Mumin has already received. 2024 WL 3517852, at *4. That logic reaches § 1202(b) as well. After all, § 1202(b) states only that "[a]ll immigrant visa applications shall be reviewed and adjudicated by a consular officer." 8 U.S.C. § 1202(b). It says nothing about what a consular officer must do after they initially review and adjudicate the visa application. State Department official guidance is instructive in the absence of clear statutory designation as to whether a visa placed in administrative processing has received a final decision. Consular officials "cannot temporarily refuse, suspend, or hold the visa for future action" once it is issued or refused. *Karimova*, 2024 WL 3517852, at *1 (citing 9 FAM § 504.1-3(g); *id.* § 504.9-2); *see also Ibrahim*, 2024 WL 4103702, at *3 ("[T]he consul's refusing to grant an application and placing it in administrative processing is a final refusal . . . ."); *Al-Kawaz*, 2025 WL 1768103, at *2 ("[R]efusal of a visa under INA § 221(g) constitutes a final decision, even if the government immediately after puts the application into administrative processing."). Mr. Mumin was refused by a consular official, so he has "received the 'refused' decision that the law expressly authorizes as one of the allowed actions on a visa application." *Karimova*, 2024 WL 3517852, at *4.

The Court is also unpersuaded by Mr. Mumin's argument that federal regulations establish a clear, nondiscretionary duty because he fails to identify any specific regulations in his brief, much less the precise provisions of those regulations that might create a clear, nondiscretionary duty. Pl.'s Opp'n at 19. Because Mr. Mumin did not identify the specific regulations in his brief, Defendants have had little opportunity to address this argument. Thus,

the Court considers this argument waived.  *See McNeil v. District of Columbia*, 233 F. Supp. 3d 150, 157 n.11 (D.D.C. 2017) ("[P]erfunctory and underdeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived." (quoting *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013))).

Even if Mr. Mumin had adequately raised this argument, the Court would find it unavailing.  Based on the cases Mr. Mumin cites, he appears to be referring to 22 C.F.R. § 42.81.  *See* Pl.'s Opp'n at 21 (citing *Makttoof v. Rubio*, No. CV 24-1344 (JDB), 2025 WL 928706, at *4 (D.D.C. Mar. 27, 2025); *Giza v. Blinken*, No. 23-CV-1641 (CRC), 2024 WL 3967284, at *4 (D.D.C. Aug. 27, 2024)).  That regulation mandates that the government "issue" or "refuse" a visa application, but it does not require any additional action once an application is refused.  22 C.F.R. § 42.81(a).  The D.C. Circuit addressed § 42.81 in *Karimova*, explaining that it did not define "the ability of a consul, after making that decision, to hold onto the application in case circumstances later change in applicant's favor" and concluding there was no duty to act under the regulation. 2024 WL 3517852, at *4.  While this ambiguity may "incentivize agencies charged with the adjudication of visa applications to simply 'refuse applications out of hand and then begin the true deliberation process thereafter,'" that "statutory gap that, in theory, allows agencies to issue pro forma refusals while continuing to administratively process visa applications is best filled by Congress, not this Court."  *Datta v. Rubio*, No. CV 24-2937 (PLF), 2025 WL 752643, at *8–9 (D.D.C. Mar. 10, 2025) (quoting *Mehneh v. Blinken*, No. 24-CV-1374-ZMF, 2024 WL 5116521, at *5 (D.D.C. Dec. 16, 2024), *appeal dismissed as moot sub nom.*, *Mehneh v. Rubio*, 164 F.4th 928 (D.C. Cir. 2026)).

9

Neither the INA, APA, nor federal regulations create a "crystal-clear" obligation for Defendants to re-adjudicate Mr. Mumin's visa application.  Accordingly, the Court must dismiss Mr. Mumin's complaint.

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 12, 2026                                    RUDOLPH CONTRERAS
                                                        United States District Judge